Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2655 | **DATE** | 12/29/2003 |
| **CASE TITLE** | SIGMA PROJECT SERVICES, INC., et al vs. MASCON INFORMATION TECHNOLOGY LTD. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiffs' petition for attorneys' fees is granted, but we will not increase it for plaintiffs' reply.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| LG | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIGMA PROJECT SERVICES, INC., a California )
corporation, SRIKANTH RAMACHANDRAN, and )
GURUNATH NATRAJAN, )
)
                 Plaintiffs, )
)
       vs. )   No. 03 C 2655
)
MASCON INFORMATION TECHNOLOGY )
LIMITED a/k/a/ MASCON INFORMATION )
TECHNOLOGIES LIMITED, a Delaware corporation, )
MASCON GLOBAL, LTD., a foreign corporation, )
KRISHNAMURTHY CHANDRA, NANDU )
THONDAVADI, and JAYAKAR KRISHNAMURTHY, )
)
                 Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Sigma Project Services, Inc. and two of its shareholders, brought this action against defendants Mascon Information Technology Limited, Mascon Global, Ltd., and three of its officers, for breach of contract, breach of a settlement agreement, and various other claims. Presently, plaintiffs petition the court for an award of attorneys' fees for costs incurred due to defendants' failure to comply with plaintiffs' discovery requests. While defendants do not dispute that plaintiffs incurred costs as a result of their non-production, they maintain that the amount requested, $7,465, is excessive. We disagree and, therefore, grant plaintiffs' petition.

In their petition for attorneys' fees, plaintiffs state the following: that they served defendants with their First Request for Production of Documents on June 13, 2003, and that after defendants failed to respond on time, plaintiffs agreed to a two-week extension, which defendants also failed to meet. At the end of July, defendants informed plaintiffs that they would start producing documents during the first week of August. However, plaintiffs still

had not received any documents by August 12, 2003, when defendants' counsel informed them that they were not prepared to produce documents, nor did they know when production might begin. Plaintiffs filed a motion to compel, which we granted, ordering defendants to produce all outstanding discovery by September 4, 2003. After defendants failed to comply with this order, plaintiffs filed a motion for rule to show cause. On September 16, 2003, defendants finally provided plaintiffs with some documents. They also submitted written responses to plaintiffs' production requests, which responses did not object to any of the requests. On September 17, 2003, the court heard plaintiff's motion for rule to show cause. That motion was granted and defendants were ordered to appear on October 1, 2003, to explain why they should not be held in civil contempt for failure to comply with our order to respond to discovery requests by September 4, 2003. No further documents were provided to plaintiffs before October 1, 2003. At that hearing, defendants indicated a willingness to provide more responsive documents, but – allegedly for the first time – indicated that some of plaintiffs' requests required clarification.

Plaintiffs argue that defendants' failure to produce documents responsive to its discovery request has been unreasonable and unjustified, causing plaintiffs to file motions to compel and to show cause, resulting in unnecessary costs. While defendants do not contest plaintiffs' right to attorneys' fees, they do contest the amount to which they are entitled. To determine appropriate attorneys' fees, courts generally assess what an attorney would have received for services in the marketplace. Fogle v. William Chevrolet/Geo, Inc., 275 F.3d 613, 615 (7th Cir. 2001). The most common way courts calculate this is by estimating the hours an attorney would have worked on the matter and the rate charged. *Id.* Plaintiffs have provided us with the hourly rate of their attorneys: $215 per hour for the associate, Eric Dorkin, and $380 per hour for lead counsel, Steven Varick. Defendants have not challenged these rates as

unreasonable, nor do they strike us as excessive in the current Chicago legal market. Plaintiffs also provide an itemized account of time spent in preparation of the following motions: 17.4 hours by Dorkin, and 9.8 hours by Varick. As with the attorneys' fees, the hours billed do not raise concern.

Nonetheless, defendants raise specific objections to the attorneys' itemized fees. They argue that plaintiffs' attorneys billed too much time for certain tasks; billed for tasks that would have been performed regardless of the motion to compel or the motion to show cause; billed for two attorneys, when only one was necessary; and billed multiple tasks together, making it difficult to determine whether a fee is valid. As stated above, the total number of hours that plaintiffs' attorneys spent seeking defendants' discovery compliance was not excessive, nor was the time spent on any particular task excessive. Despite defendants' assertions, we do not find 2.2 hours an unreasonable amount of time spent on research, writing, and review of a motion to compel, nor do we find 2.3 hours excessive for the preparation of a motion for rule to show cause and a teleconference with defendants regarding the motion. Since the allotted times spent on the various tasks appear reasonable, we do not share defendants' concern that plaintiffs' attorneys did not properly list every activity as a separate item.

Nor do we find the attorneys improperly billed for tasks that they would have performed regardless of defendants' failure to comply with the court order. Though the attorneys may have reviewed the same documents had defendants fully complied with the discovery request, it would have been for a different purpose, with a different objective in mind. Had defendants properly responded to discovery requests, the attorneys would not have needed to bill for their attempts to get defendants to comply – attempts which were a prerequisite to a motion to compel.

Finally, defendants contend that only one attorney should be compensated for his attendance at court proceedings. Defendants cite a bankruptcy case for the proposition that only one attorney should bill for a court appearance, unless a proper justification is given. In re Adventist Living Centers, Inc., 137 B.R. 692, 697 (Bankr. N.D. Ill. 1991)("When more than one attorney appears in court on a motion or argument or for a conference, no fee should be sought for non-participating counsel."). However, in Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 1999 WL 669226 at *2 (N.D.Ill. 1999), Judge Reinhard found it reasonable for three attorneys to attend a deposition and for an attorney, not appearing before the court, to read a transcript into evidence. He awarded fees in both instances. *Id.* It is reasonable for both an associate, who has performed most of the work on a matter, and the lead counsel, who is ultimately responsible for the action, to attend court hearings. As Dorkin and Varick explain in their reply, the hearings could have required that they examine witnesses, argue the facts giving rise to their motions or speak to the work they had prepared. Thus, their presence was justified.

## CONCLUSION

For the foregoing reasons, plaintiffs' petition for attorneys' fees is granted, but we will not increase it for plaintiffs' Reply.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 29, 2003.